21472. MARYLAND CASUALTY COMPANY *et al.* v. OLIVER *et al.*

DECIDED JUNE 10, 1931.

*Thomas A. Fry, T. Elton Drake, J. L. Anthony,* for plaintiffs in error.

*J. B. Peavy,* contra.

BROYLES, C. J. This was an appeal from an award by the industrial commission, under the workmen's compensation act, and the assignment of error here is upon the judgment of the superior court sustaining the award. The only contested questions were as to the dependency of the claimants, and the amounts they had received from the deceased employee (their son) as regular contributions. The claimants testified that such contributions averaged ten dollars a week. The commissioner trying the case found from other evidence that "his earnings in Atlanta after he left home amounted to $78.34, covering a period of some seven weeks. During the time he lived in Atlanta he was boarding with a fellow employee, to whom he paid $4.50 a week for board. In a period of about seven weeks his earnings averaged $11 or more per week. The actual earnings during the time he was away from home were not enough to allow the employee to pay $4.50 a week for board and send his parents $10 a week out of his earnings, but we can not say it was impossible for him to have made the contributions

claimed." The record is silent as to whether the employee had any other income or resources.

The claimants were awarded compensation as partial dependents, at the rate of $4.25 a week for a period of not more than three hundred weeks. Under the above-stated facts this court can not hold that the award of the commissioner, approved by the full commission and by the judge of the superior court, was not authorized by the law and the evidence.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*